UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TYLER S. DAVIS,

    Plaintiff,

        v.                           CAUSE NO. 1:26-CV-113-GSL-AZ

BRADY THOMAS, Z. SHIFFLETT, I.
TAYLOR,

    Defendants.

OPINION AND ORDER

Tyler S. Davis, a prisoner without a lawyer, filed a complaint alleging Officer I. Taylor gave his legal mail to another inmate at the DeKalb County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis alleges Officer Taylor gave his legal mail to another inmate with the same last name on January 26, 2026. "When inmate told him the legal mail was not for him then Taylor came to me with my legal mail opened." ECF 1 at 3. Davis does not describe the mail other than to say it is legal mail. It is unclear whether it was actually a

protected, confidential communication or whether it was merely mail about a legal subject. *See Freeman v. Wilson*, No. 23-1962, 2023 WL 8274582, at *2 (7th Cir. Nov. 30, 2023) ("Public documents and routine and nonsensitive documents do not implicate the right of access [and he] could not have any confidential communication from opposing counsel." (cleaned up)). Even assuming this mail was confidential, Davis does not explain how the defendant could have known it was confidential legal mail because he does not say how it was labeled. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). ("We think it entirely appropriate that the State require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment.").

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an

2

imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

But even if this mail was confidential and properly labeled, "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail." *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) (cleaned up). *See also Willis v. Washington*, 172 F.3d 54 (7th Cir. 1999) ("[N]o reasonable jury could infer that the alleged interference with his mail constituted an ongoing pattern of mail tampering which rises to the level of a constitutional violation [because a] 'mere isolated incident of negligence ... does not rise to the level of a constitutional violation actionable under section 1983.' *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir.1992).").

This complaint does not state a claim for which relief can be granted. If Davis believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

3

(1) GRANTS Tyler S. Davis until **April 13, 2026**, to file an amended complaint; and

(2) CAUTIONS Tyler S. Davis if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 9, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT