UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TYLER S. DAVIS,

    Plaintiff,

       v.                         CAUSE NO. 1:26-CV-113-GSL-AZ

BRADY THOMAS, Z. SHIFFLETT, I.
TAYLOR,

    Defendants.

OPINION AND ORDER

Tyler S. Davis, a prisoner without a lawyer, filed an amended complaint alleging Officer I. Taylor gave his legal mail to another inmate at the DeKalb County Jail. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Davis alleges Officer Taylor gave legal mail from his public defender to another inmate with the same last name on January 26, 2026. As explained in this court's earlier screening order (ECF 3), legal mail must be marked as originating from an attorney to be protected, and Davis did not say how it was labeled. *See Wolff v. McDonnell*, 418 U.S.

539, 576 (1974). ("We think it entirely appropriate that the State require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment."). Davis's amended complaint still does not indicate how the mail was labeled.

This court also explained that, even if this mail was confidential and properly labeled, "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail." *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) (cleaned up). *See also Willis v. Washington*, 172 F.3d 54 (7th Cir. 1999) ("[N]o reasonable jury could infer that the alleged interference with his mail constituted an ongoing pattern of mail tampering which rises to the level of a constitutional violation [because a] 'mere isolated incident of negligence ... does not rise to the level of a constitutional violation actionable under section 1983.' *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir.1992)."). Davis's amended complaint still identifies only one instance of his legal mail being mishandled, and a single instance of mishandled is insufficient to state a claim.

This complaint does not state a claim for which relief can be granted. Davis has already been granted one opportunity to amend his complaint, and the amendment did not adequately address the deficiencies pointed out by the court. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to

amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on April 10, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

3